IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANITA M. KATTI,

    Plaintiff,

v.                                              Civil Action No. 3:06cv471

EDDIE N. MOORE,
President, Virginia State University,
in his individual capacity and in
his official capacity as President
of Virginia State University.

W. ERIC THOMAS, PH.D.
In his individual capacity and in
his official capacity as Provost and
Vice President for Academic Affairs
of Virginia State University.

RALPH C. GATRONE, PH.D.
In his individual capacity and in
his official capacity as Chair of the
Department of Chemistry of Virginia
State University.

ROSCOE C. ROBERTS,

    and

SYDNEY EDMUND RAB,

    Defendants.

**MEMORANDUM OPINION**

Currently before the court are numerous motions, including Defendant's Motion to Strike (Docket No. 3), Defendant's Motion to Dismiss (Docket No. 6), Defendant's Motion for Sanctions (Docket No. 9), and Plaintiff's Motion to Appoint Counsel (Docket No. 28).

In addition, Plaintiff has filed a "Brief to Support Consolidated Oral Arguments in Summary Judgment Proceedings" (Docket No. 38) and a BRIEF TO CONSOLIDATE ORAL ARGUMENTS FOR THE MOTIONS TO DISMISS, STRIKE, SANCTIONS AND OTHERS (Docket No. 39). There are no summary judgment proceedings. The text of the brief referring to such proceedings suggests that it relates to the Defendant's Motion to Dismiss (Docket No. 6).

**STATEMENT OF FACTS**

Plaintiff Anita M. Katti ("Katti"), after obtaining a "right to sue" letter from the EEOC, filed this action in July, 2006, asserting numerous claims arising from her one-year employment contract with Virginia State University. See Complaint ¶ 4. Katti's claims are for national origin discrimination, racial discrimination, hostile work environment, religious discrimination, sex and gender discrimination, harassment, retaliation, and state law claims for breach of contract, breach of implied covenant of good faith and fair dealing, slander, sexual orientation discrimination, and violation of Virginia's Freedom of Information Act.

Because Katti repeatedly makes accusations throughout the complaint regarding President Moore's domestic relations with his wife, Moore, through counsel, filed a Motion to Strike the

offending statements and a Motion for Sanctions flowing from these statements.  The Office of Virginia Attorney General has separately filed a Motion to Dismiss.

**DISCUSSION**

I. **Motion to Dismiss**

   A. **Standard of Review**

Moore has moved the Court to dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted.  "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; 'importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (internal citations omitted).  The standard is that "a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."  Id. at 244.

In accordance with notice pleading under Rule 8 of the Federal Rules of Civil Procedure, a claimant is not required "to set out in

detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). However, the presence "'of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint' cannot support the legal conclusion." Id. at 326 (quoting Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001)). "Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." Id. (quoting DM Research v. College of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999)).

    **B.   Claims Against Counsel Of Record**

As the Virginia Attorney General's Office correctly notes in its brief, Roscoe C. Roberts, counsel for Virginia State University, and Sydney E. Rab, Virginia Assistant Attorney General, were both listed as defendants in the Complaint. Whether Katti listed counsel for the defendants as parties to the case intentionally or mistakenly, Katti did not include any substantive allegations against Roberts and Rabb in the Complaint. Nor is any claim against either of them even suggested by the many papers that Katti has filed. Therefore, the action is dismissed with prejudice as to those defendants.

**C.  Title VII Claims**

The first six counts in Katti's Complaint allege various Title VII violations. 42 U.S.C. § 2000(e)(b) (2000). Though Katti has alleged Title VII violations against Moore, Thomas and Gatrone ("the Defendants") in their official and individual capacities, "supervisors are not liable in their individual capacities for Title VII violations." Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998); see also Jones v. Tyson Foods, Inc., 378 F.Supp.2d 705, 708 (E.D. Va. 2004) ("The Fourth Circuit's decision in Lissau makes it clear that an employee who claims that she has been sexually harassed in the workplace must make her claim against her employer and not against the supervisor whom she claims sexually harassed her.").

Even though the Defendants are not liable in their individual capacity, counts one through six, if taken as true for the purpose of a Motion to Dismiss, still state a claim for which relief may be granted with respect to Virginia State University. Katti has made claims against each Moore, Thomas and Gatrone in both their individual and representative capacity. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (internal citations

omitted).  Counts I through VI are dismissed with respect to the individual Defendants but survive the Motion to Dismiss with respect to defendant Virginia State University.

### D. Retaliation

Katti alleges that employees of Virginia State University violated 42 U.S.C. § 1983 (2000), by retaliating against her after she filed a formal sexual harassment complaint with the University's Equal Employment Office.  Under the facts and allegations listed in the complaint, however, Katti fails to state a claim for which relief may be granted with respect to retaliation.  As the Fourth Circuit explained in <u>Constantine v. Rectors and Visitors of George Mason Univ.</u>, 411 F.3d 474 (4th Cir. 2005), "[a] plaintiff seeking to recover for First Amendment retaliation must allege that (1) she engaged in protected First Amendment activity, (2) the defendants took some action that adversely affected her First Amendment rights, and (3) there was a causal relationship between her protected activity and the defendants' conduct."  <u>Id.</u> at 499.  In that case the Fourth Circuit also explained that the test for retaliatory conduct was that "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights."  <u>Id.</u> at 500.

Katti alleges two charges of retaliation in the Complaint, both of which are legally insufficient to state a valid claim of retaliation.  First, Katti alleges that President Moore and the University retaliated against her by choosing not to renew her one-year teaching contract.  Katti states in her Complaint, however, that she was notified in November of 2004 that her contract would not be renewed.  Because Katti filed her harassment complaint with the University's Equal Employment Office in March of 2005, four months after she was told she would not be re-hired, Katti does not state a valid claim for retaliation in this respect.  See Complaint ¶ 128.

The second charge of retaliation that Katti makes in the Complaint is that Dr. Gatrone retaliated against Katti when he told Katti's students that their instructor had filed a sexual harassment claim against him.  Katti argues that Gatrone also retaliated when Gatrone instructed Katti's students to indicate that they did not believe Katti was an effective teacher.  "A retaliation claim under 42 U.S.C. § 1983 must establish that the government responded to the plaintiff's constitutionally protected activity with conduct or speech that would chill or adversely affect his protected activity." The Baltimore Sun Co. v. Ehrlich, 437 F.3d 410, 416 (4th Cir. 2006).

Defendants argue that these facts, if accepted as true, do not rise to the level of retaliation as a matter of law because a person of ordinary firmness would not be chilled by Gatrone's actions.  See Constantine, 11 F.3d at 500.  Because Katti had already filed the claim with the University's Equal Employment Office before Gatrone made any statements to Katti's students, it is hard to imagine how Gatrone's statements would adversely affect Katti's protected activity.  In addition, because Katti had already been notified that the University would not renew her contract, it is also unclear how Gatrone's statements to Katti's students would chill Katti's exercise of free speech.  For the foregoing reasons, Katti's retaliation claim, Count VII is dismissed with prejudice.

### E. Breach Of Contract

As defendants correctly state in their brief, Katti only had a one-year contract with Virginia State University.  She had no contract with the individual defendants.  Because a contract never existed between Katti and the listed defendants, Katti's claims against the Defendants individually for breach of contract do not survive a motion to dismiss.  Count VIII is therefore dismissed against all individual defendants.

With respect to the breach of contract claims against Virginia State University, Katti's breach of contract allegations are insufficient as a matter of law.  Defendants are correct in

8

asserting that the University's failure to renew Katti's contract after the initial one-year period was not a breach of the contract because a faculty member on a one-year probationary contract has no right to continued employment beyond the contract's term. In addition, defendants also have correctly noted that the University, as a government entity, is entitled to sovereign immunity under state law. Katti has failed to follow Virginia's relevant statutory requirements in order to be eligible to bring this claim. See Va. Code Ann. § 2.2-814 to -816 (2006). Accordingly, Katti's breach of contract claim, Count VIII also is dismissed as to Virginia State University.

### F. Breach Of Implied Covenant Of Good Faith And Fair Dealing

Because Katti states, in the Complaint, that she had a valid one-year contract with VSU, Katti may not bring a claim for breach of an implied covenant of good faith and fair dealing. Under Virginia law, once two parties agree to a valid and binding contract, one party may not use any implied duty to modify or override the contract. See Riggs Nat. Bank of Washington, D.C. v. Linch, 36 F.3d 370, 373 (4th Cir. 1994) ("An implied duty of good faith cannot be used to override or modify explicit contractual terms."); Ward's Equip., Inc. v. New Holland North America, Inc., 493 S.E.2d 516, 520 (Va. 1997) ("In Michigan, as in Virginia, when parties to a contract create valid and binding rights, an implied

9

covenant of good faith and fair dealing is inapplicable to those rights."). Accordingly, the claim for breach of implied covenant of good faith and fair dealing, Count IX is dismissed with prejudice as to all defendants.

**G.   Slander**

In Virginia, the law governing slander and libel is clear. State courts have consistently held:

> At common law, defamatory words that "prejudice [a] person in his or her profession or trade" are actionable as defamation *per se*. A defamatory statement may be made "by inference, implication or insinuation." However . . . "speech which does not contain a provably false factual connotation, or statements which cannot reasonably be interpreted as stating actual facts about a person cannot form the basis of a common law defamation action."

Fuste v. Riverside Healthcare Ass'n Inc., 575 S.E.2d 858, 861 (Va. 2003) (internal citations omitted). Defendants argue that Katti's allegation of slander is legally insufficient because the words Katti alleges that Gatrone spoke were nothing more than mere opinion.

An allegation of incompetence is not speech that contains a provably false factual connotation. See, e.g., Jarrett v. Goldman, 67 Va. Cir. 361, 2005 WL 1323115, at *11 (Va. Cir. Ct. 2005) ("For the same reasons stated above as to Goldman, the statements attributed to Harris, regarding Jarrett being incompetent and not

10

knowing what he was doing, is not speech which contains a provably false factual connotation, and therefore, cannot be interpreted as stating actual facts about Jarrett that can form the basis of a common law defamation action."). Because allegations of incompetence do not rise to the level of false factual assertions, Katti's claim for slander, Count X is dismissed with prejudice.

### H. Due Process, Equal Protection And Sexual Orientation

The Court agrees with the Defendants' assertion that Katti's claim for violation of due process and equal protection, along with the claim captioned "Sexual Orientation" are both ambiguous and without substance. Though Katti correctly cites in the Complaint that she is entitled to protection under the Fourteenth Amendment, Katti fails to give notice to the Defendants how her rights were violated. Defendants are also correct when they assert that Katti had no liberty or property interest in employment beyond the one year provided for in her employment contract, and in stating that lesbians, in general, are not a suspect classification. See, e.g., Lofton v. Sec'y of Dept. of Children and Family Servs., 358 F.3d 804, 818 (11th Cir. 2004). Because this claim, Count XI, is ambiguous and lacking in legal substance, it is also dismissed with prejudice.

### H.  Freedom Of Information Act

Katti has included in the Complaint a claim for the violation of Virginia's Freedom of Information Act.  See Va. Code Ann. § 2.2-3700 to -3714 (2006).  Defendants correctly state, however, that Virginia's Freedom of Information Act grants exclusive jurisdiction to the courts of Virginia.  In this situation, the Act states:

> Any petition alleging denial of rights and privileges conferred by this chapter by a board, bureau, commission, authority, district or agency of the state government or by a standing or other committee of the General Assembly, shall be addressed to the general district court or the circuit court of the residence of the aggrieved party or of the City of Richmond.

Id. § 2.2-3713(B).  As this Court clearly does not have jurisdiction, the claim for violation of Virginia's Freedom of Information Act, Count XII is dismissed without prejudice.

### II. Motion For Sanctions

Katti repeatedly alleges in the Complaint that "President Moore has a history of beating his wife," and "President Moore has served time in jail for these behaviors."  See e.g. Complaint ¶ 108.  In response to Defendant's Motion to Strike, on August 24, 2006, the Court ordered Katti to provide a detailed statement describing fully the evidence that supported these allegations.  In addition, the Court warned Katti that, if sufficient evidence was

not described, the Motion to Strike and Motion for Sanctions would likely be granted. Katti filed a responsive statement on September 13, 2006, along with an addendum the next day. Because Katti's Complaint has been dismissed with respect to the individual claims made against President Moore, the Motion to Strike is now moot. However, Moore's Motion for Sanctions regarding these allegations still remains.

Though acting *pro se*, Katti is still subject to the requirements contained in Federal Rule of Civil Procedure 11. That rule requires that claims may be made only if, "after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). While a *pro se* party should be granted a degree of indulgence greater than a practicing attorney, Johnson v. Lyddane, 368 F.Supp.2d 529, 532 (E.D. Va. 2005), a *pro se* party still must abide by the clear requirements of Rule 11. See In re Weiss, 111 F.3d 1159, 1170 (4th Cir. 1997) (holding the fact that a defendant represents himself *pro se* does not change the Rule 11 analysis). At issue in the Motion for Sanctions is the sufficiency of Katti's required factual prefiling investigation. See Davis v. Hudgins, 896 F. Supp. 561, 573 (E.D. Va. 1995). Before filing the

13

complaint, the litigant is required to conduct a factual inquiry which uncovers at least "some information to support the allegations in the complaint." Brubaker v. City of Richmond, 943 F.2d 1363, 1363 (4th Cir. 1991). For purposes of Rule 11, the sufficiency of this investigation is examined by an "objective standard of reasonableness." Stevens v. Lawyers Mut. Liab. Ins. Co., 789 F.2d 1056, 1060 (4th Cir. 1986); see also Davis v. Hudgins, 896 F. Supp. 561, 573 (E.D. Va. 1995). "If the actions of an attorney or a party fail to meet this standard, an award of sanctions is mandatory under the rule." Artco Corp. v. Lynnhaven Dry Storage Marina, Inc., 898 F.2d 953, 956 (4th Cir. 1990); but see In re Kunstler, 914 F.2d 505, 522 (4th Cir. 1990) (requiring that when imposing a Rule 11 monetary sanction "the least severe sanction adequate to serve the purposes of Rule 11 should be imposed.").

Katti describes five sources of evidence which she believes adequately supported the allegations made against Moore in the Complaint. As evidentiary support Katti lists: "evidence from a credible source, a high ranking Member of the U.S. Congressional Body, who says 'it is true,'" "evidence of the name of individual(s) who have picked up Mr. Moore from jail," and "evidence of individuals who know first hand" of the domestic violence allegations, but will not speak to Katti. Plaintiff's

14

Response to Order of the Court, Docket No. 25, at 4.  In addition, Katti lists the fact that Moore allegedly has not responded to an interrogatory demanding that Moore admit spousal abuse as an additional source of evidentiary support.  See id.  Finally, Katti explains in-depth her belief that a political conspiracy and cover-up has made evidence of this allegation impossible to obtain.  Id.

   The Court finds that Katti has failed to perform the required prefiling investigation, as judged by an objective standard of reasonableness.  Even when given the opportunity to fully explain the basis for her allegations against President Moore, Katti has provided nothing more than rumor and vague references to unidentified individuals.  Katti admits in the filing that "facts have not been revealed publicly through the newspapers nor through public records," yet Katti still insists that she has a basis for the allegations because "[e]very person the plaintiff has spoken with knows of Mr. Moore's history of Domestic Violence against his wife and subsequent arrest."  Id. at 10.

   Broad conclusory statements such as these do not meet an objective standard of reasonableness, especially considering the seriousness of the allegations not only to the University but also to Moore and his family.  If Katti had provided the name of the Member of Congress who allegedly gave her this information, or provided the names of the individuals who allegedly picked

15

President Moore up from jail, then a possible basis could exist to avoid imposition of sanctions. Rule 11 requires more than unsubstantiated rumors, however, and because Katti has failed to provide any reasonable information to support the allegations in the Complaint, the Court finds Katti to be in violation of Rule 11.

The primary purpose of Rule 11 is to deter future litigation abuse, though other purposes for Rule 11 include "punishing present litigation abuse, streamlining court dockets and facilitating court management." Kunstler, 914 F.2d at 522. When awarding monetary sanctions for a Rule 11 violation, a district court will consider "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." Id. at 523. Though Moore has not requested attorney's fees in the Motion for sanctions, Katti is directed to show cause why should not be required to pay a fine to the Court for violating Rule 11. The Motion For Award Of Sanctions (Docket No. 9) is granted.

### III. Motion To Appoint Counsel

When an individual files suit for discrimination under Title VII, a district court has the discretion to appoint counsel for the individual. See 42 U.S.C. § 2000e-5(f)(1) (2000) ("Upon application by the complainant and in such circumstances as the

16

court may deem just, the court may appoint an attorney for such complainant."). "This provision grants to Title VII litigants the right to request an attorney, but 'it does not create a statutory right to have counsel actually appointed.'" Young v. K-Mart Corp., 911 F. Supp. 210, 211 (E.D. Va. 1996) (citing Poindexter v. Federal Bureau of Investigation, 737 F.2d 1173, 1179 (D.C. Cir. 1984)); see also Anderson v. Potter, 149 Fed.Appx. 175 (4th Cir. 2005) ("Title VII litigants have no statutory right to counsel.").

The three factors that a district court should determine in response to a request under Title VII for appointment of counsel include "(1) the plaintiff's financial ability to retain an attorney; (2) the efforts of the plaintiff to retain counsel; and (3) the merits of the case." Young, 911 F. Supp. at 211. Even though Katti has made allusion to some evidence of financial hardship, the fact that Katti is capable of being employed as a University professor and the fact that she admits spending over $17,000 in attorney's fees during settlement negotiations leads the Court to believe that Katti has the financial ability to retain an attorney. Second, the Court is aware that Katti has made numerous attempts to find attorneys locally that are willing to take on this case. The Court recognizes that "plaintiff has had ample time and numerous opportunities to consult with and retain a lawyer to represent her," and even though Katti has not been successful in

retaining an attorney past settlement negotiations, "the Court lacks authority to compel a lawyer to represent a plaintiff in a civil matter." Sherman v. Verizon Virginia, Inc., 220 F.R.D. 260, 263 (E.D. Va. 2002). Finally, as the Court has explained at length in this Memorandum Opinion, Katti's case, as presented in the Complaint, is quite weak.

A fourth factor that courts in this jurisdiction have considered is the plaintiff's ability to represent herself. See Young, 911 F. Supp. at 211. As is evidenced from the numerous motions and legal memoranda filed by Katti so far in this case, the Court finds that Katti has proven she may competently represent herself in this matter. Accordingly, Katti has failed to persuade the court that court-appointed counsel is necessary in this case and Katti's Motion for Court Appointed Counsel is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Docket No. 6) will be granted with respect to all claims made against the Defendants individually, but denied with respect to Virginia State University only for the Title VII claims contained in Counts I through VI.

Defendant's Motion for Sanctions (Docket No. 9) will be granted and Plaintiff is ORDERED to show cause shy monetary sanctions should not be imposed.

Defendant's Motion to Strike (Docket No. 3) is denied as moot.

Plaintiff's Motion to Appoint Counsel (Docket No. 28) will be denied.

Plaintiff's Motion for Consolidated Oral Arguments in Summary Judgment Proceedings (Docket No. 38) and Plaintiff's Motion to Consolidate Oral Arguments for the Motions to Dismiss, Strike, Sanctions and Others (Docket No. 39) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to the plaintiff and to counsel for the defendants.

It is so ORDERED.

                                               /s/
                                      Robert E. Payne
                                      United States District Judge

Richmond, Virginia
Date: November 22, 2006